# ROSIER v JOHNSTON, et al.

## Case No. 86-2693

Second Judicial Circuit, Leon County

August 15, 1986

## APPEARANCES OF COUNSEL

**Charles M. Rieders** for plaintiff.

**Murray M. Wadsworth** for defendant Johnston.

**George Wass,** Secretary of State's Office, for defendant George Firestone, Secretary of State.

**Arthur Walburg** and **Mitchell Franks,** Assistant Attorney Generals, for defendant State of Florida.

## OPINION OF THE COURT

CHARLES D. McClure, Circuit Judge.

## ORDER DENYING TEMPORARY AND PERMANENT INJUNCTION, DECLARATORY RELIEF, MOTION TO DISMISS AND SUMMARY JUDGMENT

THIS CAUSE came on for hearing on the Plaintiff's JOE ROSIER,

Complaint for Injunction, and Declaratory Relief; Defendant's Motion to Dismiss, and Defendant Firestone's Ore Tenus Motion for Summary Judgment; on the 13th day of August, 1986; all parties being present and or represented by counsel; the Court having heard extensive arguments, testimony and examining the citations of authority; and being otherwise advised in the premises finds that:

1. Plaintiff, JOE ROSIER, is a duly qualified candidate for the office of Circuit Judge, Group 3, in the 18th Judicial Circuit.

2. Defendant, LAWRENCE V. "LARRY" JOHNSTON, is a candidate who has filed all necessary papers, paid his qualifying fee and his name will appear on the ballot as a candidate for Circuit Judge, Group 3, in the 18th Judicial Circuit.

3. Only the Plaintiff, JOE ROSIER, and the Defendant, LAWRENCE V. "LARRY" JOHNSTON, qualified for the Group 3 seat, 18th Judicial Circuit, and the election to office is to take place on September 2, 1986.

4. GEORGE FIRESTONE as SECRETARY OF STATE, under the Election Code is the Chief Election Officer of this State and within the DEPARTMENT OF STATE, of which the Secretary is the head, there has been created a DIVISION OF ELECTIONS.

5. Chapter 105 of the Florida Statutes regulates the non-partisan elections for Judicial Officers and orders candidates for Judicial Office to qualify with the DIVISION OF ELECTIONS of the DEPARTMENT OF STATE, (F.S. 105.031(1)).

6. LAWRENCE V. "LARRY" JOHNSTON is presently a duly elected County Judge in and for Brevard County, Florida. LAWRENCE V. "LARRY" JOHNSTON was elected to office on November 6, 1984 and his term began January 8, 1985 and will terminate on January 2, 1989.

7. The Court has jurisdiction of the parties and of the subject matter of this litigation.

8. On July 7, 1986, the Defendant LAWRENCE V. "LARRY" JOHNSTON, delivered to the Office of the Governor of the State of Florida, a letter which was received and endorsed by the Office of the Governor.

9. On July 7, 1986, the Governor received, accepted and forwarded the letter of LAWRENCE V. "LARRY" JOHNSTON to the SECRETARY OF STATE, and said letter of transmittal was received by the SECRETARY OF STATE on July 8, 1986.

10. On July 9, 1986, Defendant, LAWRENCE V. "LARRY" JOHNSTON, executed a "Loyalty Oath" and "Oath of Candidate", and same was filed with Defendant SECRETARY OF STATE, on July 14, 1986.

11. In said "Oath of Candidate", filed by Defendant LAWRENCE V. "LARRY" JOHNSTON, Defendant JOHNSTON swore, ". . . that he is a candidate for the judicial office of Circuit Judge, 18th Circuit—Group 3, . . . ." and that he has resigned from any office which he is required to resign pursuant to Section 99.012, Florida Statutes.

12. The Office of County Judge of Brevard County was declared to be vacant and three candidates qualified to run for that vacancy and whose names appear on the ballot for September 2, 1986.

13. The Office of Circuit Judge; Eighteenth Judicial Circuit, Group 3, as created by the Florida Legislature, appears on the ballot for September 2, 1986, in which the names of the Plaintiff JOE ROSIER, and Defendant, LAWRENCE V. "LARRY" JOHNSTON, appear.

14. The certificate of defendant, SECRETARY OF STATE, reveals that Defendant, LAWRENCE V. "LARRY" JOHNSTON, filed an "Appointment of Campaign Treasurer and Designation of Campaign Depository" for candidates on June 21, 1986, and July 17, 1986, Defendant, LAWRENCE V. "LARRY" JOHNSTON, filed a "Full and Public Disclosure of Financial Interests and U. S. Individual Income Tax Return", on July 11, 1986.

15. Intent is defined in *Black's Law Dictionary, 4th Edition*, p. 947, as "design, resolve or determination with which a person acts . . . . being a state of mind, is rarely susceptible to direct proof, but must ordinarily be inferred from facts." Intent is further defined in *Webster's Seventh New Collegiate Dictionary*, p. 440, ". . . the state of mind with which an act is done . . .".

16. Intent is manifested by oral communication, acts and the written word and must be gleaned from the proof at hand.

17. Each of the items filed by Defendant, LAWRENCE V. "LARRY" JOHNSTON, in paragraphs 10, 11 and 14, of this Order display outward manifestations of intent to become a candidate for Circuit Judge of the 18th Judicial Circuit in Group 3.

18. The parties stipulated that Defendant's LAWRENCE V. "LARRY" JOHNSTON, letter of July 7, 1986, was timely filed within the provision of Section 99.012, Florida Statutes.

19. Sections 99.012(2) and (3), Florida Statutes, states that no individual may qualify as a candidate for public office who holds

another elective office and whose term runs concurrently without irrevocably resigning from the office he currently occupies.

20. Irrevocable is the inability of being recalled or revoked, a non reversible, immutable and unrepealable act which cannot be recovered, modified, or altered.

21. Testimony reveals that prior to Defendant, LAWRENCE V. "LARRY" JOHNSTON, filing his letter of July 7, 1986, he had been advised that the provisions of Section 99.012, Florida Statutes, had been complied with thus making the post script null, void and of no effect.

22. The contents of the body of the July 7, 1986, letter, "Effective January 5, 1987, I intend to resign as County Judge in order to seek election as Circuit Judge for the Eighteenth Judicial Circuit,", is written indicia of an intent by Defendant, LAWRENCE V. "LARRY" JOHNSTON, to, irrevocably resign and his subsequent actions contained in the Oath of Candidate further support and exhibit said intent.

23. Defendant's, LAWRENCE V. "LARRY" JOHNSTON, testimony further substantiates his intent and resolve to leave the office of County Judge of Brevard County without equivocation, and enlist as a candidate for Circuit Judge. Should the Defendant, LAWRENCE V. "LARRY" JOHNSTON, win or lose the election on September 2, 1986, his tenure as County Judge will dissolve and extinguish no later than January 5, 1987. To find or conclude any other result would be to reach an illogical and inequitable result causing grave damage and disbelief in the electoral system.

24. Once the Defendant, LAWRENCE V. "LARRY" JOHNSTON, delivered his July 7, 1986, letter, to the Governor's Office he was rendered totally incapable and unequipped from retrieving, regaining or repossessing said letter to reclaim the office of County Judge.

25. The law and our constitution favor the elective process and must not be thwarted by a result contrary to common understanding and belief. Removing the Defendant's name from the ballot would cause chaos and confusion also in the race for County Judge now in progress.

WHEREFORE the Temporary and Permanent Injunctive Relief sought by the Plaintiff be and the same is hereby denied.

FURTHER the Complaint in Count 1 seeking Declaratory Relief becomes moot as well as the Defendant's LAWRENCE V. "LARRY" JOHNSTON, Motion to Dismiss and Defendant's SECRETARY OF STATE, Ore Tenus, Motion for Summary Judgment, all of which are denied.

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida, this 15th day of August, 1986.